# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
#### CIVIL ACTION NO. 5:17-CV-00222-GCM

| | | |
|---|---|---|
| LINDSEY SHAW, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER COMES** before this Court on Plaintiff's Motion for Summary Judgment (Doc. No. 12) and Commissioner's Motion for Summary Judgment (Doc. No. 15). Having carefully considered the motions and reviewed the record, the Court enters the following findings, conclusions, and Order.

## I.   BACKGROUND

The procedural history of this matter is as stated in the Commissioner's memorandum of law supporting the Commissioner's Motion for Summary Judgment.

The ALJ's findings relevant to this proceeding are as follows: Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2011. (Tr. 13). Plaintiff has not engaged in substantial gainful activity since her alleged onset date. (*Id.*). Plaintiff has a combination of impairments that more than minimally affect her ability to perform work related activities and are thus considered to be "severe." (*Id.*).  However, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (Tr. 14).

After consideration of the entire record, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform unskilled light work with the following limitations:

> she is precluded from climbing ropes, ladders and scaffolds and limited to occasional ramp and stair climbing, kneeling, crouching and crawling. She must be allowed to alternate between sitting and standing with the ability to change positions twice per hour. The claimant should avoid concentrated exposure to vibrations and work place hazards such as heights and dangerous machinery. In addition, the claimant is limited to simple, routine and repetitive tasks in a non-production environment, unskilled work, and should avoid concentrated exposure to extreme heat and cold; with no contact with the general public and no proximity to co-workers (cannot perform as member of a team).

(Tr. 15). The ALJ found in the fourth step that Plaintiff is unable to perform any past relevant work. (Tr. 24). Finally, at the fifth step, the ALJ concluded based on Plaintiff's limitations that there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 25). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act. (*Id.*).

## II.    STANDARD OF REVIEW

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

**III.    DISCUSSION**

On appeal, Plaintiff asserts the ALJ made three errors in his decision: (1) the ALJ erred by misstating Plaintiff's evidence of record; (2) the ALJ failed to properly evaluate Plaintiff's medical impairments; and (3) the ALJ failed to evaluate Plaintiff's complaints of pain under Fourth Circuit precedent.

First, Plaintiff argues that the ALJ erred when the ALJ stated "[a]s for the opinion evidence, no treating or examining physician provided an opinion that the claimant as [sic] unable to work. Therefore the undersigned has given substantial weight to the findings of the State Agency medical consultants." (Doc. No. 12-1) (quoting Tr. 23). Plaintiff argues this misstates the evidence of record because at least two doctors who examined Plaintiff kept her out of work or noted that she had impairments that inhibited her ability to work. (Tr. 580, 843).

"Medical opinions are statements from . . . acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). The agency will always consider the medical opinions in the case record, together with the rest of the evidence received, and it will evaluate every medical opinion that it receives. *See id.* §§ 404.1527(b)–(c), 416.927(b)–(c). (b). Adjudicators at the hearing level or at the Appeals Council level must consider all findings from medical sources even though they are not bound by them. SSR 16-3p, 81 Fed. Reg. 51, 14166 (March 16, 2016).

The lynchpin of this process is that ALJs are required to show their work in determining if a Plaintiff is disabled under the Act. *Patterson v. Comm'r Soc. Sec. Admin.*, 846 F.3d 656, 662-63 (4th Cir. 2017). This requirement allows the Court to conduct a meaningful review to determine if

substantial evidence supports the ALJ's decision. The show your work requirement also highlights when an ALJ makes a decision based on a misunderstanding of the underlying evidence. Such is the case here.

The ALJ stated "no treating or examining physician provided an opinion that the claimant as [sic] unable to work." (Tr. 23). That statement is factually inaccurate as at least two different doctors made statements that they were either keeping Plaintiff from returning to work or noting that she had impairments that would interfere with her ability to work. This factual inaccuracy shows that the ALJ misunderstood the evidence before him.

The Commissioner argues that any error with respect to this point is harmless as Plaintiff has failed to articulate how the error harmed her. The Court disagrees. Even when an error is found in an ALJ opinion, remand is not warranted if the Plaintiff fails to articulate how she was harmed by the error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (stating that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"); *Darby v. Colvin*, No. 1:12-cv-00295-MR-FDW, 2013 WL 4509662, at *5 (W.D.N.C. Aug. 23, 2013) (finding that, even if error were established, the alleged error did not warrant remand because it was harmless and because "Plaintiff has not articulated how she was harmed or prejudiced by the error"). Specifically, if remand would not lead to a different result, the error was harmless and remand is not appropriate. *Keever v. Astrue*, No. 1:11-cv-148-DLH-MR, 2012 WL 2458376, at *7 (W.D.N.C. June 1, 2012).

Here, the Court finds that the Plaintiff has met her burden to show that the error was harmful to her claim. The ALJ's statement in error is as follows: "[a]s for the opinion evidence, no treating or examining physician provided an opinion that the claimant as [sic] unable to work. Therefore the undersigned has given substantial weight to the findings of the State Agency medical

consultants." (Tr. 23). The ALJ misinterpreted the underlying evidence as showing that no examining physician had provided an opinion that Plaintiff could not work. Because of that understanding, the ALJ placed "substantial weight" on the opinion of the state medical consultants. Put another way, the ALJ made a determination of the weight to put on the opinion of the state medical consultants based directly on his misunderstanding of the evidence. That decision was harmful to the Plaintiff and could lead to a different decision on remand. As such, the error was not harmless.

The Commissioner argues at length in brief that the statements made by the two examining physicians do not contradict the statement of the ALJ. The Commissioner provides various ways the Court should interpret the statements to conclude that their context shows any error to be harmless. However, this Court will not weigh the evidence in that fashion. It is not the job of this Court to determine what specific statements mean and how those statements impact an ultimate finding of disability. Rather, its this Court's job to make sure the ALJ adequately supports his decision with substantial evidence. The ALJ failed to do that here. Thus, the Court will remand the decision to the Agency to further consider the evidence in the record.

## IV.    CONCLUSION

The undersigned has carefully reviewed the decision of the ALJ, the transcript of the proceedings, the motions, the briefs, and Plaintiff's assignments of error. Because the ALJ failed to support his decision with substantial evidence, the case must be remanded for further consideration.  Accordingly, Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be vacated.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1)     the decision of the Commissioner, denying the relief sought by Plaintiff, is

        **VACATED**;

(2)     the Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **GRANTED**; and

(3)     the Commissioner's Motion for Summary Judgment (Doc. No. 15) is **DENIED**;

        and

(4)     the matter is hereby **REMANDED** for further consideration.

**SO ORDERED**.


Signed: March 28, 2019

Graham C. Mullen
United States District Judge